UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20953-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT NICOL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about June 28, 2011, court-appointed defense counsel Joel DeFabio ("Counsel") submitted a voucher application numbered FLS 10 4552 with appended time sheets requesting $13,435.11 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a Motion to Exceed Statutory CJA Fee **[DE # 167]** (the "Motion") in support of his voucher application. Counsel represented Defendant Robert Nicol ("Defendant") for seven months from his appointment on November 19, 2010 until June 28, 2011.

Counsel seeks $13,435.11 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 172]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. Counsel's representation of Defendant was complex.

First, the very nature and facts involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced in 2008 when the grand jury returned an Indictment **[DE # 1]** charging four individuals, including Defendant **[DE # 3]**. Defendant was not arrested until two years later on November 17, 2010.

Thereafter, the grand jury returned a Superseding Indictment naming Defendant **[DE # 125]** on January 11, 2011. In this charging document, the government alleged that Defendant committed and conspired to commit wire fraud in violation of 18 United States Code §§ 1343 & 1349. Specifically, the government alleged that Defendant and three co-defendants "unlawfully enrich[ed] themselves by obtaining money from potential business opportunity purchasers by making materially false representations, and omitting to state and concealing material facts concerning . . . expected profits" from vending machines sold by Defendant's companies. **[See DE # 125 at 2-3]**. Defendant "was facing a guideline term of imprisonment of over ten (10) years." (Motion at 1).

Second, "the discovery in this case was extensive." (Motion at 1). Counsel was required to "investigate and research numerous matters, including the supplier of the vending machines in question, the nature of the vending machine business, and the actual number

of victims and the loss amount." (Motion at 2). The fact that the government alleged that this was "a consumer fraud/business opportunity fraud conspiracy that lasted more than a five (5) years and involved at least 488 victims" complicated matters further.

Third, Defendant had a number of appearances in this case. Counsel appeared at a pretrial detention hearing (11/23/10), an arraignment proceeding (1/13/11), a hearing on a motion to continue/ status conference (2/10/11), a change of plea hearing (4/14/11) and at a sentencing hearing (6/28/11). The large number of hearings in this case required Counsel to expend more time appearing in Court than in the average case.

Defendant entered a guilty plea to Count II **[See DE # 150]**. He was sentenced to a total of one hundred and twenty-five (125) months in prison. **[See DE # 168]**. Defendant was also ordered to pay restitution in the amount of $5,238,032.12.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex as a result. I, therefore, conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 4.1 in-court hours and 102.0 out-of-court hours.

Regarding the out-of-court hours listed in the voucher, Counsel sought compensation for: 40.7 hours for "Interviews and conferences", 37.4 hours for "Obtaining and reviewing records", 2.6 hours for "Legal research and brief writing", 19.2 hours of "Travel time" and 2.1 hours for "Investigative and Other work."

Counsel also sought $128.06 in "Travel Expenses". The CJA administrator slightly decreased this figure to $122.84. Counsel also sought $44.55 in "Other Expenses", a figure which the CJA administrator did not adjust. After making the one adjustment described above, the CJA administrator concluded that the overall total amount documented by Counsel in the voucher was $13,429.89.

### In-Court Hours[1]

Counsel sought 4.1 in-court hours totaling $512.50. I approve the amount of $512.50 as reasonable.

### Out-of-Court Hours

Counsel also sought compensation for a total of 102.0 out-of-court hours, totaling $12,750.00. Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. Specifically, I recommend that the time listed for these entries be reduced:

    11/23/10    meet with Postal Inspector    0.50 hours
                                                                                                [reduce to 0.1 hour]

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

| | | |
|---|---|---|
| 1/6/11 | Consult with att for CW | 0.20 hours [reduce to 0.1 hour] |
| 3/30/11 | T/C H. Flores att for co-defendant | 0.20 hours [reduce to 0.1 hour] |

I recommend that the above entries be reduced because the undesigned was unable to articulate the purpose of these meetings. As a result, it is not possible for the Court to determine if these entries reflect an appropriate use of billable time.

Further, with respect to the telephone conference with "H. Flores", this entry is not sufficiently detailed to comport with the requirements of the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court. The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to this conversation, Counsel failed to explain the reason for the duration of this conference. Accordingly, I recommend that Counsel should not be compensated for the three above listed entries which amounts to a reduction of 0.8 hours totaling $100.00.

Counsel also included one entry with respect to time spent with Defendant's family that is not compensable:

| | | |
|---|---|---|
| 12/13/10 | email daughter re: health | 0.20 hours [Eliminate] |

I recommend that the above entry be eliminated because the Supplemental Instructions explains that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are

not compensable." The time spent emailing the daughter "re: health" is "hand holding" that is not compensable under the CJA because it is not time which contributed to Defendant's defense. The total reduction for the 12/13/10 entry is $12.50 hours.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $12,637.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $12,637.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel sought $128.06 in "Travel Expenses." The CJA administrator slightly decreased the amount claimed to $122.84. I hereby recommend approval of this amount. Counsel also sought $44.55 in "Other Expenses." The CJA administrator did not make any changes to this amount and I further recommend payment of the amount of $44.55 as requested by Counsel.

**CONCLUSION**

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation provided by Counsel to Defendant in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND

that Counsel be paid $13,317.39 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 25 day of August, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Joel DeFabio, Esq.
    Lucy Lara, CJA administrator